## BASKET *v.* HASSELL.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE DISTRICT OF INDIANA.

Decided April 16th, 1883.

*Probate—Statutes—Will.*

The attempted transfer of a certificate of deposit on the donor's death-bed, reported in *Basket* v. *Hassell*, 107 U. S. 602, cannot be enforced here as a will of personalty, because such will does not take effect under the statutes of Tennessee until probate.

Motion for a rehearing. The case was decided at October term, 1882, and is reported 107 U. S. 602.

*Mr. P. Phillips* and *Mr. W. Hallett Phillips* for the appellant and petitioner.—We ask rehearing on a single point involved in the opinion of the court, viz., when the court say: "As the gift was to take effect only upon the death of the donor, it was not a present executed *donatio causa mortis*, but a testamentary disposition, void for want of compliance with the statute of wills." The gift was executed in the State of Tennessee. In Tennessee there is no statutory provision governing such a testamentary disposition—the principles of the common law being there in force. Rev. Stat. Tenn. 1871, § 2162, *n*; *Suggett* v. *Kitchell*, 6 Yerger, 425. "The English law (says Kent) is very loose as to the nature of the instrument disposing of personal property; and marriage articles, promissory notes, assignments of bonds, letters, &c., &c., although not intended as wills, yet if they cannot operate in one way, may be admitted to probate as wills of personal property—provided the intention of the deceased be clear that the instrument should operate after his death." 4 Kent, 518. This is recognized to be the law of Tennessee in the case of *McLean* v. *McLean*, citing the declaration of Lord Hardwicke: "There is nothing which requires so little solemnity as a will of personal estate, for there is scarcely any paper writing which the courts will not enforce as such." 6 Humph. 452; *Watkins* v. *Dean*, 10 Yerg. 321. "It is not to be doubted that a will of personal estate, if written in the testator's own hand, though it has neither his name or seal to it, *nor witnesses present at its publication,* is effectual, provided the handwriting can be sufficiently proved." 1 Roberts on Wills (1 Am. Ed.), p. 148; 2 Black. Com. 501, cited in *Suggett* v. *Kitchell*, 6 Yerg., at p. 428. When, therefore, it is said that this disposition was void for want of compliance with the "*statute of wills,*" it is evident that the court fell into an error. If we have shown that there was here a good testamentary disposition, then the decree must be reversed. Less than a month after the decease of Chaney, the bill is filed for the delivery to complainant of the certificate. This is resisted by defendant, by showing all the circumstances accompanying its indorsement and delivery. The court held there was neither a *donatio causa mortis* nor a valid testamentary

disposition, and decreed accordingly that the money should be paid over to the complainant, Hassell. The case is the same as it would be if the sole question presented was as to the testamentary disposition. The indorsement was urged by the complainant to constitute a testamentary paper. There was no question as to probate, even if the defendant was under any obligation to produce one. *Tarver* v. *Tarver*, 9 Pet. 174. Were this the case of a complainant seeking relief on a will not probated, it would have been error in the court to have dismissed his bill absolutely. *Armstrong* v. *Lear*, 12 Wheat. 169.

Mr. Justice Matthews delivered the opinion of the court.

It is urged that the indorsement and delivery of the certificate of deposit, if void as a gift *mortis causa*, is nevertheless good as a will of personalty under the laws of Tennessee, and, passing the title as such, entitled the appellant to a decree for the payment of the money.

But the conclusion is not justified by the assumption, for a will of personalty in Tennessee does not take effect until probate (Statutes of Tennessee, 1871, § 2169; *Suggett* v. *Kitchell*, 6 Yerger, 425); and, until probate and the appointment of an executor or an administrator *cum testamento annexo*, the title to the fund passes to the administrator appointed previously, as in case of intestacy, to whom the decree in this case awarded it.

*The petition is therefore denied.*